# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL D. NANNEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-15-446-SPS |
| | ) |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of the Social | ) |
| Security Administration,[1] | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

The claimant Michael D. Nanney requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). He appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons discussed below, the Commissioner's decision is hereby REVERSED and REMANDED to the ALJ for further proceedings.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such

---

[1] On January 20, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Ms. Berryhill is substituted for Carolyn Colvin as the Defendant in this action.

severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[2]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he

---

[2] Step one requires the claimant to establish that he is not engaged in substantial gainful activity. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity (RFC) to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born April 26, 1975, and was thirty-eight years old at the time of the administrative hearing (Tr. 34, 210). He completed ninth grade, and has worked as a laborer and heavy equipment operator (Tr. 27, 224). The claimant alleges inability to work since January 2, 2012, due to a herniated disc in lower back, chronic pain, and inability to lift more than twenty pounds (Tr. 223).

## Procedural History

On September 24, 2010, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. Both applications were denied. ALJ James Bentley conducted an administrative hearing and determined that the claimant was not disabled in a written opinion dated April 4, 2014 (Tr. 16-29). The Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had the residual functional capacity (RFC) to perform sedentary work, as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), finding that he could lift/carry ten

pounds occasionally and less than ten pounds frequently, stand/walk at least two hours in an eight-hour workday, sit for six hours in an eight-hour workday, but that he must have a sit/stand option defined as a temporary change in position from sitting to standing and vice versa with no more than one change in position every half hour and without leaving the workstation. Additionally, the ALJ found that the claimant could only occasionally stoop, kneel, crouch, and crawl. Finally, the ALJ determined that the claimant was limited because he was illiterate (Tr. 21-22). The ALJ concluded that although the claimant could not return to his past relevant work, he was nevertheless not disabled because there was work he could perform, *i. e.*, assembler, cutter and paster, and lens inserter (Tr. 28-29).

## Review

The claimant contends that the ALJ erred: (i) by failing to properly consider the medical evidence, specifically with regard to weighing a consultative examiner's opinion and treatment records; and (ii) by failing to properly evaluate his subjective symptoms. Because the ALJ does appear to have ignored probative evidence regarding the claimant's impairments, the decision of the Commissioner must be reversed.

The ALJ determined that the claimant had the severe impairments of degenerative joint disease with sciatica and multilevel degenerative disc disease, as well as the nonsevere impairments of GERD, rhinitis, and depression (Tr. 18-19). The relevant medical evidence demonstrates that the claimant was treated for two scorpion bites on his thigh after reporting that he had not felt the bites because his thigh was numb (Tr. 287). He was assessed with degenerative joint disease with sciatica (Tr. 287). A November 20,

2012 MRI of the spine revealed multilevel degenerative disc disease with mild spondylotic disc bulges and facet arthropathy, superimposed minimal central disc herniation at L3-L4, asymmetric left foraminal disc bulge at T12-L1 resulting in left foraminal stenosis, multilevel Schmorls nodes, small S1 hemangioma versus focal fat, and mild grade compression fracture of T12 (Tr. 300). Records dated January 2, 2014 from the claimant's treating facility indicate that his gait was steady but that he had limited/painful range of motion with flexion/extension, that he had paraspinous muscle tenderness/tightness to palpation and grimacing with range of motion, and that he had pain to the low back with seated extension of legs and a positive Bechterews sign regarding radiculopathy, as well as flinching with extended abduction of the lower extremities (Tr. 334).

On August 17, 2012, Dr. Adel Malati conducted a physical examination of the claimant (Tr. 289). His impression was that the claimant had a history of herniated lumbar disc with lower extremity radiculopathy (Tr. 292). He stated that the claimant had a normal and steady gait without an assistive device; that the claimant could sit, stand, and lie down without difficulty; that he had full range of motion in the neck, shoulders, elbows, wrists, and hands, as well as good hand grip of 5/5 equal bilaterally; but that his back flexion was limited to 85 degrees, with extension limited to fifteen degrees (Tr. 292). He further noted that the claimant could heel/toe walk without difficulty, but that straight leg raising was positive at 70 degrees on the left lower extremity (Tr. 292-295).

A September 2012 reviewing physician opinion reflected that the claimant could perform medium work, with no postural, manipulative, visual, communicative, or environmental limitations (Tr. 72-73). This was essentially affirmed in a second opinion reflecting the same findings, on January 24, 2013 (Tr. 90-91).

In his written opinion, the ALJ extensively summarized the claimant's hearing testimony and thoroughly summarized the medical evidence in the record without analysis. He then used the typical boilerplate language to find the claimant not credible, but also continued, stating that there were a limited number of medical records in the claimant's file, and that the claimant had a poor earnings history, concluding that he "lacked the interest or motivation to engage in substantial gainful activity" (Tr. 26-27). He gave some weight to the opinions of the state reviewing physicians as both consistent with the evidence as a whole and also not reflective of the extent of the claimant's physical limitations (Tr. 27). He then stated that he gave Dr. Malati's consultative opinion "great weight" in light of the fact that Dr. Malati examined the claimant and his findings were consistent with unspecified evidence of record.

"An ALJ must evaluate every medical opinion in the record, although the weight given each opinion will vary according to the relationship between the disability claimant and the medical professional. . . . An ALJ must also consider a series of specific factors in determining what weight to give any medical opinion." *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004), *citing Goatcher v. United States Department of Health & Human Services*, 52 F.3d 288, 290 (10th Cir. 1995). The pertinent factors include the following: (i) the length of the treatment relationship and the frequency of examination;

(ii) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (iii) the degree to which the physician's opinion is supported by relevant evidence; (iv) consistency between the opinion and the record as a whole; (v) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (vi) other factors brought to the ALJ's attention which tend to support or contradict the opinion. *See Watkins v. Barnhart*, 350 F.3d 1297, 1300-1301 (10th Cir. 2003), *citing Drapeau v. Massanari*, 255 F.3d 1211, 1213 (10th Cir. 2001). Here, the ALJ provided a summary of Dr. Malati's consultative examination, and stated that he gave the opinion great weight, but failed to conduct the proper analysis and did not specify how the exam supported the assigned RFC. *See also Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) ("An ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability.").

Furthermore, the claimant contends that the ALJ failed to properly evaluate the claimant's subjective symptoms under the proper standard. At the time of the ALJ's decision, a credibility determination was governed by Soc. Sec. Rul. 96-7p. *See, e .g., Hardman v. Barnhart*, 362 F.3d 676, 678 (10th Cir. 2004), *quoting* Soc. Sec. Rul. 96-7p, 1996 WL 374186 (July 2, 1996). But the Commissioner issued a ruling on March 16, 2016, that eliminated the term "credibility" and provided new guidance for evaluating the intensity, persistence, and limiting effects of a claimant's symptoms. Soc. Sec. Rul. 16-3p, 2016 WL 1119029 (Mar. 16, 2016). "Generally, if an agency makes a policy change during the pendency of a claimant's appeal, the reviewing court should remand for the

agency to determine whether the new policy affects its prior decision." *Frantz v. Astrue,* 509 F.3d 1299, 1302 (10th Cir. 2007), *quoting Sloan v. Astrue,* 499 F.3d 883, 889 (8th Cir. 2007). Here, it is apparent from the ALJ's opinion that he failed to conduct the proper analysis under either standard, and therefore the decision should also be reversed and remanded for consideration of the evidence and testimony in light of the new policy.[3] Consequently, the decision of the Commissioner must be reversed and the case remanded to the ALJ for evaluation in accordance with the new standard.

Because the ALJ failed to properly evaluate the evidence available in the record, the decision of the Commissioner must be reversed and the case remanded to the ALJ for a proper analysis in accordance with the appropriate standards. If such analysis results in adjustment to the claimant's RFC, the ALJ should re-determine what work, if any, the claimant can perform and ultimately whether she is disabled.

**Conclusion**

The Court hereby FINDS that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. The decision of the Commissioner is accordingly REVERSED and the case is REMANDED for further proceedings consistent herewith.

---

[3] Even in the doubtful event the ALJ's analysis could be found sufficient to have satisfied Soc. Sec. Rul. 16-3p, obviating the need for reversal and remand, *see, e. g., Wellenstein v. Colvin,* 2015 WL 5734438, at *11 (N.D. Iowa Sept. 30, 2015) (noting that the Court of Appeals for the Eighth Circuit denied remand for consideration of a new social security ruling upon finding that "although the policy changed during the pendency of the case, the policy did not affect the case."), *citing Van Vickle v. Astrue,* 539 F.3d 825, 829 n.6 (8th Cir. 2008), the Court finds that any re-evaluation of the evidence in light of the new standard is not for this court to make on review but rather for the ALJ to consider in the first instance.

**DATED** this 21st day of March, 2017.

_____
**STEVEN P. SHREDER
UNITED STATES MAGISTRATE JUDGE**